[Civ. No. 892.    Second Appellate District.—December 2, 1910.]

Mrs. M. T. BENNETT, Respondent, v. RED CLOUD MIN-
ING COMPANY et al., Defendants; MERCHANTS'
TRUST COMPANY, a Corporation, Appellant.

MINING CORPORATIONS—MORTGAGE OF MINING GROUND—POWER OF DI-
RECTORS LIMITED—RATIFICATION BY STOCKHOLDERS ESSENTIAL.—The
act of 1880 "for the further protection of stockholders in mining
companies," as amended in 1897, providing that "it shall not be
lawful for the directors of any mining corporation to . . . mort-
gage . . . the whole or any part of the mining ground owned or
held by such corporation . . . unless such act be ratified by the
holders of at least two-thirds of the stock of such corporation then
outstanding," goes to the power of the directors, who have no
authority to convey or encumber such mining ground without the
consent of holders of two-thirds of the stock given as prescribed by
the act.

ID.—POWER TO RAISE QUESTION OF WANT OF RATIFICATION.—The ques-
tion of the want of ratification of a deed or mortgage of the min-
ing ground of a mining corporation may be raised by anyone who
connects himself with the title of the corporation or shows an in-
terest therein by a valid mortgage or lien, as well as by the stock-
holders.

ID.—CONSENT OF STOCKHOLDERS NOT PRESUMED FROM CORPORATE SEAL.
The consent of the stockholders cannot be presumed from the mere
fact that a deed or mortgage of the mining ground of a mining
corporation is under the corporate seal.    Such consent may be given
in due form after the execution thereof, and is not necessarily or
presumptively involved in such execution, whether under the cor-
porate seal or not.

ID.—FORECLOSURE OF PRIOR MORTGAGE ON MINING GROUND—OBJECTION
BY SECOND MORTGAGEE—ABSENCE OF POWER—RATIFICATION OF
EITHER NOT SHOWN.—Under a complaint to foreclose a first mort-
gage on the mining ground of a mining corporation, making a second
mortgagee a party, who sought to foreclose the second mortgage by
cross-complaint, where neither the complaint nor cross-complaint al-
leged a ratification of the mortgage by the stockholders, and neither
of the mortgagees proved such ratification, the second mortgagee is
in no position to avail himself of the objection that the holder of
the prior mortgage has not shown a ratification by the stockholders,
nor to question any of the rulings of the trial court in favor of the
first mortgage.

APPEAL from an order of the Superior Court of River-
side County denying a new trial.    F. E. Densmore, Judge.

· The facts are stated in the opinion of the court.

John W. Shenk, Glen Behymer, and William Freeman, for Appellant.

George L. Sanders, and Woodruff & McClure, for Respondent.

SHAW, J.—Appeal from an order denying motion made by defendant Merchants' Trust Company for a new trial.

The action was to foreclose a mortgage upon certain mining grounds and personal property alleged to have been made, executed and delivered to plaintiff on January 5, 1904, by the Red Cloud Mining Company, which was a mining corporation.

The complaint was in the usual form and, among other things, alleged that defendant Merchants' Trust Company claimed an interest in the mortgaged property by virtue of a second mortgage thereon, but that said "claim of the said Merchants' Trust Company by virtue of said mortgage or otherwise is subject to lien of plaintiff's mortgage, but plaintiff is informed and believes, and therefore avers, that the said mortgage in favor of the said Merchants' Trust Company is not an encumbrance or lien upon the said property," it being further alleged that it had never been ratified by the stockholders of the mining company.

The defendant Red Cloud Mining Company demurred to the action, but, upon the same being overruled, interposed no further defense thereto and suffered its default to be entered.

The Merchants' Trust Company filed an answer whereby it denied the execution and delivery to plaintiff of the note and mortgage described in the complaint; admitted that it claimed an interest in the mortgaged property by virtue of a mortgage made, executed and delivered to it by defendant Red Cloud Mining Company on the 26th of February, 1906, which mortgage it was alleged was prior to plaintiff's mortgage and constituted a first lien and encumbrance upon the property. It also filed a cross-complaint setting out its alleged mortgage and, by appropriate allegations, prayed for a foreclosure thereof as against plaintiff and its codefendant. The answer to the cross-complaint merely reiterates the allegations of the complaint in regard to the due execution of plaintiff's

mortgage and its alleged priority as a lien over that claimed by appellant.

Upon the trial plaintiff testified that she sold and conveyed certain mining claims, and water rights in connection therewith, to defendant the Red Cloud Mining Company, and in payment therefor said corporation delivered to her the note and mortgage set out in the complaint, and which was executed on the part of the corporation by H. C. Allen, as president, and C. D. Martin, as secretary, and to which the corporate seal was affixed. The note and mortgage were then offered in evidence, to the admission of which defendant appealing interposed an objection upon the ground that due execution had not been shown, in that the ratification of the mortgage by two-thirds of the stockholders had not been proved, as required by the statute. The objection was overruled and the evidence admitted. This ruling is assigned as error. It is also contended that the evidence is insufficient to support the finding to the effect that the Red Cloud Mining Company duly made, executed and delivered to plaintiff the mortgage set forth in her complaint, for the reason that no evidence was offered tending to prove the ratification of said mortgage as required by statute. A consideration of these alleged errors will suffice in the disposal of the appeal.

The statute entitled "An act for the further protection of stockholders in mining companies" (Stats. 1880, p. 131), as amended in 1897 (Stats. 1897, p. 96), provides that "it shall not be lawful for the directors of any mining corporation to . . . mortgage . . . the whole or any part of the mining ground owned or held by such corporation, . . . unless such act be ratified by the holders of at least two-thirds of the stock of such corporation then outstanding. Such ratification may be made either in writing, signed and acknowledged by such stockholders, or by resolution, duly passed at any regularly called stockholders' meeting." In the case of *McShane* v. *Carter*, 80 Cal. 310, [22 Pac. 178], in discussing this statute in connection with a deed to mining ground given in the absence of ratification by the stockholders, the court says: "We think that the provision of said act goes to the power or authority of the directors. . . . In our opinion, the directors of mining corporations have no power or authority to convey the mining ground without the consent of holders of two-thirds of the stock, given as prescribed by the act. And it

follows without such consent the title does not pass. And if this be so, the question can be raised by anyone who connects himself with the title of the corporation which owned the property, as well as by the stockholders thereof. Nor can the consent of the stockholders be presumed from the mere fact of the conveyance, whether under the corporate seal or not, for such consent or 'ratification' may be after the deed is executed, and hence is not necessarily or presumptively involved in the execution of such deed.'' In the case of *Pekin Min. etc. Co.* v. *Kennedy,* 81 Cal. 356, [22 Pac. 679], in considering a like question of a conveyance of mining ground without the consent of stockholders, the court says: ''But the title . . . seems still to be in the Oro Fino Mining and Milling Company. This result comes from the fact that no evidence was offered to prove that the deed from the corporation to plaintiff was ratified by two-thirds of its stockholders, as provided in section 1 of the act concerning mining corporations. . . . In *McShane* v. *Carter,* 80 Cal. 310, [22 Pac. 178], a majority of this court held that under said statute a deed of a mining corporation of any part of its mine, not shown to have been so ratified, does not pass the title.'' In the case of *Williams* v. *Gold Hill Min. Co.,* 96 Fed. 454, Judge Morrow, in discussing the validity of a mortgage given upon mining ground without the ratification prescribed in the statute, and citing the cases above referred to with approval, holds that a mortgage not ratified by the stockholders as prescribed by the statute was void, at the suit of holders of subsequent liens upon the property.

It was not alleged in the complaint that the mortgage had been ratified by stockholders holding the required number of shares of stock; nor was there any evidence whatsoever introduced tending to prove such ratification. It is upon this condition of the record, supported by the above cases, that appellant contends that the court erred in admitting the mortgage in evidence, and upon which it is insisted that the evidence is insufficient to support the findings.

The title of the act, namely: ''An act for the better protection of stockholders in mining companies,'' would indicate that it was intended for the benefit alone of the stockholders of such corporation, who should be accorded the right, at their option, to avoid such transactions. Indeed, such an interpretation is supported by no less authority than Justice

Harlan, who, in *Hervey* v. *Railway Co.*, 28 Fed. 169, in discussing the effect of a similar act upon a mortgage attacked by the holders of a junior mortgage for want of ratification by stockholders, says: "The provision in the act . . . making the assent of a given number of stockholders essential to the validity of a mortgage, is primarily, if not exclusively, for the benefit of the stockholders." The question, however, is not an open one in this state, for the cases of *McShane* v. *Carter*, 80 Cal. 310, [22 Pac. 178], *Pekin Min. Co.* v. *Kennedy*, 81 Cal. 356, [22 Pac. 679], and *Williams* v. *Gold Hill Min. Co.*, 96 Fed. 454, all constitute authority in support of the right of anyone who connects himself with the title to the property, or shows himself possessed of an interest therein by virtue of a mortgage or other lien, to raise the question of want of ratification.

The question, then, presented is whether or not appellant, conceding the alleged errors, is in a position to avail itself of the want of ratification by the stockholders of plaintiff's mortgage. It is not made to appear, either by the answer or cross-complaint filed by appellant, that its alleged mortgage, under and by virtue of which it claims a lien upon the mortgaged property, had been ratified by the stockholders of the mining company; indeed, it does not deny the allegation of the complaint wherein it is alleged that such mortgage had not been so ratified. It offered no evidence whatsoever at the trial touching the question of ratification, or in support of any allegation of its answer or cross-complaint. Therefore, appellant not only fails to connect itself with the title to the mortgaged property, but likewise fails to show that it has an interest in the mortgaged premises by virtue of being a judgment creditor or holder of any mortgage thereon; and, hence, as disclosed by the record, is in the position of an entire stranger without any interest in the transaction. We are, therefore, of the opinion that, under the facts here presented, appellant is not in a position which entitles it to question any of the rulings of the trial court.

The order appealed from is, therefore, affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1911.